815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Loraine E. NIELSEN, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 No. 85-1811.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1987.
 
 Before KEITH and KENNEDY, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Nielsen, plaintiff-appellant, filed this Title VII action alleging that Ford Motor Company, defendant-appellee ("Ford"), discriminated against her on the basis of sex when it failed to promote her to Manufacturing Process Engineer B, at salary grade 7, for reclassifying her from Manufacturing Process Engineer B, at salary grade 6 to Administrative Coordinator grade 6, and for failing to give her overtime. The District Court, in an opinion issued from the bench, dismissed the case, concluding that plaintiff failed to establish a prima facie case of discrimination and, alternatively, even if plaintiff had established a prima facie case, she failed to overcome as pretextual Ford's business reasons for not promoting her and for changing her classification. Additionally, the Court concluded that overtime at plaintiff's plant was given on an as-needed basis. We affirm.
 
 
 2
 From 1946 through 1974, plaintiff was employed by Ford as a secretary or clerk. In August 1974, she was transferred and promoted to the position of Production Supervisor, salary grade 6, at Ford's Chesterfield Plant. In September 1978, plaintiff was transferred to a newly created position in the Advanced Engineering Department at Ford's Utica Plant. At this plant, plaintiff assumed clerical duties previously performed by several engineers. Because Ford did not have an appropriate classification at this plant corresponding to her then-current salary, Ford assigned plaintiff to the classification of Manufacturing Process Engineer B, salary grade 6.
 
 
 3
 In 1981, plaintiff requested a promotion to the position of Manufacturing Development Engineer B, grade 7. Plaintiff contended that her job duties warranted this new classification and a male employee, who was classified at grade 7, had previously performed duties similar to those that plaintiff performed. Plaintiff's supervisor and the manager of the Advanced Engineering Department denied this promotion. Because plaintiff believed that she had been improperly classified, she submitted an Employee Position Description ("EPD") to the Division Salary Administration Office pursuant to Ford's policy governing the determination of job classifications.
 
 
 4
 Plaintiff prepared an EPD summarizing her work activities. Her supervisor and the Salaried Personnel Supervisor at the plant requested that she rewrite the EPD expanding her job description and modifying certain language. Plaintiff complied with this request and, in accordance with Ford's established procedures, submitted this EPD to Ford's General Office for a determination of her appropriate salary grade and classification. Two Salaried Administrative Analysts conducted an independent review of this EPD utilizing a system designed to rate job responsibilities. Both analysts concluded that plaintiff's job functions were those of an Administrative Coordinator, not a Manufacturing Process Engineer. Subsequently, the Division authorized the use of the Administrative Coordinator classification at the Utica Plant and plaintiff was reclassified.[1]
 
 
 5
 Overtime at the Utica facility is allocated on the basis of need. All overtime within the Advanced Engineering Department had to be approved by the Plant Manager upon a showing of need. Plaintiff worked overtime when she was performing a function that required overtime to meet a deadline.
 
 
 6
 Plaintiff filed suit against Ford alleging sex discrimination in violation of section 703(a)(2) of Title VII of the Civil Rights Act of 1964. 42 U.S.C. Secs. 2000e-2000h-6 (1982).[2] She claimed that because of her sex, Ford denied her promotion to grade 7 level engineering, reclassified her as an Administrative Coordinator, and denied her overtime. Ford contended that its decisions with regard to plaintiff's classification were based on an independent analysis of her job responsibilities, and its decision to not grant plaintiff overtime was based solely on need.
 
 
 7
 At the conclusion of all proofs, the District Court issued its opinion from the bench. The Court relied on this Court's opinion in Brown v. Tennessee, 693 F.2d 600 (6th Cir.1982), and found that because plaintiff had failed to demonstrate that she was qualified for the grade 7 position, she had not made out a prima facie case of sex discrimination with respect to her promotion.[3] In addition, the Court concluded that Ford's reclassification of plaintiff was accurate in light of plaintiff's work responsibilities in 1981. According to the Court, plaintiff was placed in the classification Manufacturing Process Engineer B, not because of training or experience, but because there was no other classification available at the time she was transferred into Advanced Engineering. In the alternative, the Court concluded that even if plaintiff had made out a prima facie case of discrimination, plaintiff failed to rebut Ford's business reasons for not promoting her and for reclassifying her to Administrative Coordinator. Finally, the Court stated that plaintiff provided no proof supporting her allegation that she may have been coerced into revising her EPD prior to submitting it to the Salaried Personnel Department. The Court also noted that without these revisions, her salary grade would have been lowered to grade 5. With respect to plaintiff's overtime claim, the Court concluded that there was no proof that the overtime previously awarded plaintiff was other than on an as-needed basis. Thus, the Court found for Ford on all claims.
 
 
 8
 On appeal, plaintiff first contends that the District Court did not consider whether Ford's denial of her promotion and overtime, and her reclassification violated section 703(a)(2).[4] A review of the record reveals that the District Court considered plaintiff's discrimination claims within the context of section 703(a)(2). After hearing Ford's motion for partial summary judgment, the Court stated:
 
 
 9
 Plaintiff filed a charge of sex discrimination ... alleging that since January of 1981, she was subjected to disparate treatment as compared to males in promotional opportunities, overtime, training, performance evaluations, and job classification.... Plaintiff claims, by classifying her as an Administrative Coordinator, Defendant denied Plaintiff the opportunity for promotion, namely, the opportunity to receive a classification in a higher grade.
 
 
 10
 Order of Partial Summary Judgment at 6-8 (see Joint Appendix at 410-12). In addition, the District Court's oral opinion is replete with references to plaintiff's sex discrimination allegations. Thus, the Court considered plaintiff's allegations of sex discrimination, but concluded, after hearing all the evidence, that she was not entitled to recovery under section 703(a)(2).
 
 
 11
 In plaintiff's second allegation on appeal, she contends that the District Court erroneously concluded that plaintiff did not prove that she was qualified for a grade 7 level engineering classification. The Court was correct in concluding that plaintiff and Phillips were not similarly situated with respect to educational qualifications and engineering experience. In addition to possessing a Bachelor of Science Degree in Industrial Engineering and a Masters in Business Administration, Phillips had six years' experience in industrial engineering prior to transferring into the Advanced Engineering Department. Plaintiff, on the other hand, had less than two years' credit toward an Associates Degree in Business Administration, had clerical and secretarial experience, and had worked four years as a production foreman. Furthermore, Phillips, prior to his promotion to a grade 7 level engineering position, had been involved in engineering a new seat system when he worked in the Advanced Engineering Department. Plaintiff, on the other hand, never performed such engineering responsibilities. Thus, the District Court's conclusion that plaintiff and Phillips were not similarly situated with respect to educational qualifications and engineering experience and that plaintiff was not qualified for a level 7 engineering position is not clearly erroneous.
 
 
 12
 In her third allegation, plaintiff contends that the District Court erred in not permitting her to present evidence relating to her performance during time periods after the allegedly discriminatory acts. According to plaintiff, "[t]he court allowed partial admission of Exhibit P-65 and refused admission of EX P-66 as continuing material out of time frame.... Thus blocking presentation and admission of Exhibits P-67 through P-74." Brief for Appellant at 33-34.
 
 
 13
 Plaintiff fails to identify where her offer for admission of exhibits P-67 through P-74 was refused. In addition, plaintiff's exhibit P-65 was admitted into evidence. See Joint Appendix at 350. Although the District Court denied admission of exhibit P-66, plaintiff's assertion that it was excluded "as continuing material out of time" is incorrect. The Court excluded this exhibit because plaintiff did not lay a proper foundation explaining what the exhibit was or its relevancy. See Joint Appendix at 352. Furthermore, plaintiff on appeal fails to allege how the exclusion of this evidence was prejudicial to her case.
 
 
 14
 In her fourth claim, plaintiff contends that she was improperly denied discovery of material concerning the qualifications of Administrative Coordinator and her department performance appraisals. Again, however, plaintiff fails to allege that she was prejudiced by the District Court's order limiting discovery, but contends only that this material was "relevant" and "should have been made available." Accordingly, we conclude that plaintiff has not demonstrated that the District Court abused its discretion in limiting plaintiff's discovery. See Ghandi v. Police Department, 747 F.2d 338, 354 (6th Cir.1984).
 
 
 15
 In her fifth claim, plaintiff contends that the court erred in admitting Ford's exhibits 7, 8, 9, and 14. Plaintiff, however, fails to allege how the court abused its discretion in admitting this evidence. See Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1574 (6th Cir.1985) (decision of trial court admitting evidence may not be overturned unless an abuse of discretion is shown), cert. denied, 106 S.Ct. 3335 (1986).
 
 
 16
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 Employees must be classified according to those classifications authorized by Ford's Automobile Assembly Division for the particular facility. Prior to the review of plaintiff's EPD, the Division had not authorized the classification of Administrative Coordinator at the Utica facility
 
 
 [2]
 Section 703(a)(2) provides:
 (a) It shall be an unlawful employment practice for an employer--
 ....
 (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or other-wise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.
 42 U.S.C. Sec. 2000e-2.
 
 
 [3]
 In early 1981, plaintiff took over the responsibility of managing the Material Engineering and Waste Recovery Committee. This committee focused on the efficient use of materials and waste recovery and was previously managed by Ronald Phillips, who was classified at Manufacturing Development Engineer A, Grade 8
 
 
 [4]
 In this first allegation, plaintiff also claims that the reclassification analysis conducted by the two Salaried Administrative Analysts was unfair because these analysts had actual or constructive knowledge of plaintiff's discrimination claim. Plaintiff fails, however, to substantiate this allegation with any facts pointing out how this study was biased